IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANN L. KOONTZ,

           Plaintiff,

v.                                             CIVIL ACTION NO. 2:10-cv-00864

WELLS FARGO, N.A.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Wells Fargo, N.A.'s Motion to Add Bruce N. Richard [sic—Bruce N. Richmond] as Plaintiff [Docket 6]. For the reasons that follow, the motion is **DENIED**.

*I. FACTUAL BACKGROUND & PROCEDURAL HISTORY*

Plaintiff Ann L. Koontz ("Plaintiff") is a resident of Beckley, West Virginia. (Docket 1-2 at 5.) Defendant Wells Fargo, N.A. ("Wells Fargo") is a corporation headquartered in Iowa and doing business in West Virginia. (*Id.*) Sometime in 2003, Plaintiff responded to an online solicitation from Wells Fargo to finance the purchase of a residence in Beckley, West Virginia. (*Id.*) Plaintiff contacted Wells Fargo jointly with her then-husband, Bruce N. Richmond, and the pair co-signed an agreement with Wells Fargo to borrow approximately $79,000 for the purchase of the residence. During an initial contact, Wells Fargo allegedly informed Plaintiff that, pursuant to a forthcoming financing agreement, the total monthly payment on the residence would be $614.00.

(*Id.*)  Wells Fargo also allegedly told Plaintiff that "although the mortgage contained an adjustable interest rate . . . the interest rate would likely go down over time." (*Id.*)  The complaint does not detail what, if any, contact Mr. Richmond had with Wells Fargo.  At the June 5, 2003, closing Plaintiff first learned that her total monthly payment on the residence would be over $700.00.  (*Id.*)  Although not elaborated upon, Plaintiff's complaint states that the "closing was rushed and hurried, without sufficient explanation of the loan documents and loan terms," and she only continued with the loan closing because "it was too late to back out." (*Id.*)

For the next six years, although Plaintiff's monthly loan payments increased to approximately $980.00, she managed to make payments according to the agreement with Wells Fargo.  (*Id.* at 6.)  In 2009, Plaintiff divorced her husband and was then unable to make payments under the agreement with Wells Fargo.  (*Id.*)  Plaintiff engaged in a series of communications with Wells Fargo, which make up the remainder of the complaint's claims.

On December 28, 2010, Wells Fargo filed the instant motion to join Bruce N. Richmond as a required party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## II.  DISCUSSION

Rule 19(a) of the Federal Rules of Civil Procedure provides:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined if:
(A)   in that person's absence, the court cannot accord complete relief among existing parties; or
(B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
   (i)   as a practical matter impair or impede the person's ability to protect the interest; or
   (ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). A party is not necessary simply because joinder would be convenient, or because two claims share common facts. Instead, a party is necessary under Rule 19(a)(1) only in three situations: (1) the nonparty is necessary to afford "complete relief among existing parties," (2) the nonparty "claims an interest" in the "subject of the action" and is needed to prevent impairment of its own interests; and (3) the nonparty "claims an interest" in the "subject of the action" and is needed to prevent multiple liability or inconsistent obligations. Fed. R. Civ. P. 19(a)(1). The analysis of necessary joinder under Rule 19(a) is not a mechanistic process, and "the court must consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar." *Schlumberger Indus., Inc. v. Nat'l Surety Corp.*, 36 F.3d 1274, 1286 (4th Cir. 1994.). In this case, Wells Fargo bears the burden of showing that Plaintiff failed to join a necessary party. *See R-Delight Holding LLC v. Anders*, 246 F.R.D. 496, 499 (D. Md. 2007) (citing 5C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1359 (3d ed. 2007)).

The Fourth Circuit has acknowledged that "in suits between parties to a contract *seeking rescission of that contract*, all parties to the contract, and others having a substantial interest in it, are necessary parties." *Delta Fin. Corp. v. Paul D. Comanduras & Assocs.*, 973 F.2d 301, 305 (4th Cir. 1992) (emphasis added) (citing *Acton Co. of Mass. v. Bachman Foods, Inc.*, 668 F.2d 76, 81-82 (1st Cir. 1982)); *see also* 7 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1613 (3d ed. 1998 & 2010 update) ("In cases seeking reformation, cancellation, rescission, or otherwise challenging the validity of a contract, [as to] all parties to the contract . . . joinder will be required."). Rather than contract rescission or reformation, however, Plaintiff is seeking actual and punitive damages for Wells Fargo's alleged breach of contract and on her other claims. (*See generally* Docket 1-2.) Plaintiff does not seek to invalidate or rewrite the

3

contract. Rule 19(a)(1)(A) is thus inapplicable because complete relief may be afforded among those entities already party to the suit, without joining Mr. Richmond. *Cf. Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2d Cir. 2002) ("Rule 19 does not mandate the joinder of joint obligors."); *cf. United States v. Arlington County, Va.*, 669 F.2d 925, (4th Cir. 1982) ("'Complete relief' refers to relief as between persons already parties, not as between a party and an absent person whose joinder is sought.").

There is also no indication that Mr. Richmond has "claim[ed] an interest" in the "subject of the action," apart from simply co-signing the underlying loan. Further, it is unclear that Mr. Richmond's interests will be impaired by proceeding without him. Simply put, there is no indication that Mr. Richmond possesses any claims that would be impaired or impeded if he is not forced to join this suit. The complaint mentions Mr. Richmond only in detailing the execution of the loan agreement, omitting any reference to him in the breach of contract and unconscionability counts. Likewise, in its motion, Wells Fargo asserts only that Mr. Richmond is a co-signer and joint obligor to the loan, failing to explain what interest in this case Mr. Richmond possesses or has claimed. Similarly, Wells Fargo fails to explain how multiple and inconsistent obligations may arise from awarding Plaintiff the damages she seeks in this case. *See, e.g.*, *Delgado v. Plaza Las Americanas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) ("Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident."). Wells Fargo has failed to carry its burden of demonstrating that Mr. Richmond is a required party to this action pursuant to Fed. R. Civ. P. 19(a)(1).

*III.  CONCLUSION*

For the reasons set forth above, Wells Fargo's Motion to Add Bruce N. Richard as a Plaintiff [Docket 19] is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

       ENTER:     May 24, 2011

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE